JUSTICE COTTER
concurs.
¶36 I agree with the Court and Justices Wheat and Nelson that $3,000 is a paltry sum that bears no correlation to Tim’s actual lost future earnings. However, I join the Court’s Opinion because the quid pro quo extends to injured workers and their beneficiaries, as defined in the Workers Compensation Act. It does not extend to persons who are not beneficiaries of the deceased worker.
¶37 No one can dispute that the benefits available under the Act do not make injured workers-or their beneficiaries-whole. The Act acknowledges as much at § 39-71-105(1), MCA. Although the 2011 legislative session is not yet over, it appears we may see even greater *360 limitations placed on benefits. All this being so, I cannot conclude that loading what benefits are available towards workers and their beneficiaries, and away from non-beneficiaries and non-dependent relatives, is irrational. It is a matter of allocation of resources in favor of those who stand to suffer the most financially from the worker’s injury or death.
¶38 Justice Nelson may well be correct in observing that we will someday be presented with a case establishing that the quid pro quo no longer exists. In my judgment, this is not that case.
¶39 I therefore concur.